In the Matter of Lawrence MANN, Bankrupt Petitioner, for Writ of Habeas Corpus.

. Civ. No. 54–39.

United States District Court, D. Massachusetts.

Dec. 1, 1954.

Benjamin Rudman, Boston, Mass., for plaintiff.

Joseph H. Elcock, Jr., Asst. Atty. Gen., for Commonwealth of Massachusetts.

SWEENEY, Chief Judge.

This is a petition for a Writ of Habeas Corpus brought under Chapter III, Section 9, of the Bankruptcy Act, 11 U.S. C.A. § 27, and Bankruptcy Order No. 30, against the Sheriff of Middlesex County. Petitioner alleges that he is illegally confined as a result of his inability to comply with a State Court order, such inability arising from the fact that he has been adjudicated a bankrupt.

Findings of Fact.

The Writ issued, and after a full hearing, I find that as a result of litigation commenced on the equity side of the Superior Court for the County of Middlesex, Commonwealth of Massachusetts, in May 1951, the presiding justice, on October 18, 1954, issued a final decree on a petition for contempt, the docket entry of that court showing the following:

"1954, Oct. 18 24 Final Decree on petition for contempt, That Lawrence Mann be punished for his contempt of this court by payment of a fine of five thousand dollars ($5,000.00) to Esther Mann to com-

pensate her for the injury done to her by such contempt & to reimburse her for her expenses & disbursements in enforcing her rights; that Lawrence Mann is hereby ordered to stand committed to our Common Jail until such time as he shall have purged himself of said contempt by payment of said fine. (Copy delivered in hand to Benj. Rudman—copy mailed to Joseph Schneider)."

Two days later, the petitioner filed in this court a petition in bankruptcy, and on that same day, was adjudicated a bankrupt.

The language contained in the docket entry of the Superior Court permits of no other construction than that the court was considering a civil contempt which could be completely purged by the payment of a fine of $5,000 remedial in nature, and for the sole benefit of his adversary.

■■■ This court recognizes that a proceeding for criminal contempt can be combined with one for civil contempt, provided the respondent is adequately advised of the two-fold nature of the proceedings. See Kreplik v. Couch Patents, 1 Cir., 190 F. 565—but that was not the nature of the proceedings in the state court. Being purely a civil contempt and the fine remedial, we must assume that it is provable in bankruptcy, and subject to release if a discharge is issued to the petitioner. If, for any reason, the petitioner does not get a discharge in bankruptcy, then of course, the Superior Court order springs to life again and confinement may follow.

In Parker v. U. S., 1 Cir., 153 F.2d 66–70, 163 A.L.R. 379, the court said:

"If a compensatory fine is imposed, the purpose * * * is remedial, to make reparation to a complainant injured by respondent's disobedience of a court decree. While respondent may be confined to coerce payment of the compensatory fine, he must be released if he pays the fine or shows his utter inability to do so—confinement beyond that date would be punitive and not remedial."

■■ One of the prime objectives of the Bankruptcy Act was to eliminate imprisonment for debts generally. The Act recognized certain exceptions generally in favor of the orderly processes of courts and government, and in certain cases where the debts were not provable in bankruptcy, as set forth in Sections 9 and 17 of the Bankruptcy Act, 11 U.S. C.A. §§ 27, 35. All of the evidence in this case points to the fact that this compensatory fine, remedial in purpose, is not within any of the exceptions to the immunity from arrest or imprisonment of the bankrupt

Conclusions of Law.

From the foregoing, I find and rule

1. The Superior Court decree of October 18, 1954 levied a compensatory fine against the petitioner, remedial in nature.

2. On October 20, 1954, the petitioner, having been adjudicated a bankrupt, was utterly unable to comply with the order for payment of the compensatory fine levied in the Superior Court.

3. The petitioner is within the purview of Chapter III, Section 9, of the Bankruptcy Act, and is exempt from arrest and confinement on civil process.

4. The compensatory fine levied by the Superior Court does not come within the purview of Section 17 of the Bankruptcy Act, entitled, "Debts not affected by a discharge."

The respondent is ordered and directed to release the petitioner from confinement forthwith.